**LAQUER, URBAN, CLIFFORD, & HODGE LLP**
MICHAEL A. URBAN, Nevada State Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, NV 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
Electronic Mail: murban@luch.com
    nring@luch.com
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS JOURNEYMAN AND APPRENTICE TRAINING TRUST; AND TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>SEQUOIA ELECTRIC, LLC, a Nevada Domestic Limited-Liability Company;<br><br>Defendant. | CASE NO:<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br>29 U.S.C. §185(a) and §1132(e) |

Plaintiffs, TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS JOURNEYMAN AND APPRENTICE TRAINING TRUST; and TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, complain and allege as follows:

/ / /

1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this case pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Title 29 U.S.C. §1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to §502(a)(3) of ERISA, Title 29 U.S.C. §1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in §502(f) of ERISA, Title 29 U.S.C. §1132(f).

2. This Court has jurisdiction of this case pursuant to §301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), Title 29 U.S.C. §185(a), which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to §502(e)(2) of ERISA, Title 29 U.S.C. §1132(e)(2), and §301(a) of the LMRA, Title 29 U.S.C. §185(a), in that this is the district in which the International Union of Operating Engineers, Local Union No. 12 (defined below) are administered, the signatory unions maintain their offices and where the relevant acts took place.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to Title 28 U.S.C. §1367(a).

**PARTIES**

5. Plaintiffs are the TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS JOURNEYMAN AND APPRENTICE TRAINING TRUST; and TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST (hereinafter collectively referred to as the "Trusts" or "Trust Funds") all by and through their counsel Laquer, Urban, Clifford & Hodge, LLP.

1  6. At all times material herein, Local 12 has been a labor organization representing
2  employees in the building and construction industry in Southern California and Southern Nevada, and a
3  labor organization representing employees in an industry affecting commerce within the meaning of
4  §301(a) of the LMRA, as amended 29 U.S.C. § 185(a).

5  7. The Trusts are express trusts created pursuant to written declarations of trust between
6  the International Union of Operating Engineers, Local Union No. 12 (hereinafter "Local 12") and
7  various employers and employer associations in the construction industry (collectively the "Trust
8  Agreements"). The Trusts were created and now exist as a result of labor/management, multi-employer
9  Trust Agreements created and maintained pursuant to LRMA §302(c), 29 U.S.C. §186(c).

10 8. Plaintiffs, as trustees of the Trusts, are "fiduciaries" with respect to the Trusts as defined
11 in Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

12 9. At all times material herein, Defendant SEQUOIA ELECTRIC, LLC ("SEQUOIA")
13 was a Nevada limited-liability company with its principal place of business located in Clark County,
14 Nevada.

15 10. At all times relevant herein, SEQUOIA was signatory to a Master Labor Agreement
16 between the Nevada Contractors Association (hereinafter "NCA"), a multi-employer association, and
17 Local 12 ("MLA"). SEQUOIA also appointed the NCA as SEQUOIA's collective bargaining
18 representative for all matters with Local 12. At all times material herein, the Master Labor Agreement
19 has been in effect between SEQUOIA and Local 12.

20 11. On or about August 18, 2015, pursuant to the terms of the Trust Agreements and Master
21 Labor Agreement, an audit of SEQUOIA's payroll and related records was conducted by an auditor
22 representing the Trusts for the time period of May 1, 2015 to August 18, 2015.

23 12. Based on payroll and related records produced by SEQUOIA, the audit revealed a
24 deficiency in SEQUOIA's fringe benefit contributions to the Trusts.

25 13. On or about October 27, 2015, a demand letter was sent to SEQUOIA on behalf of the
26 Trusts requesting payment of all unpaid fringe benefit contributions, liquidated damages, interest and
27

1  audit assessment fees.  As of the date of filing of this Complaint, SEQUOIA has failed to respond or
2  make any payments toward its delinquency.

3        14.    SEQUOIA is liable to the Trusts for all unpaid employee benefit contributions, accrued
4  interest, liquidated damages, audit costs, attorney's fees and court costs, pursuant to the MLA, Trust
5  Agreements, 29 U.S.C. § 1132(g)(2) and controlling Federal court decisions, in an amount to be proven
6  at trial.

## FIRST CAUSE OF ACTION

[Breach of Contract – 29 U.S.C. § 1132]

9        15.    Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1
10 through 14, inclusive, as though fully set forth herein..

11       16.    Plaintiffs are informed and believe, and thereon allege, that at all times material herein,
12 there was in effect a master labor agreement between Local 12 and SEQUOIA (hereinafter referred to
13 as the "Labor Agreement").  SEQUOIA has recognized Local 12 as the authorized representative of its
14 employees and has agreed to be bound to the terms of the Labor Agreement.

15       17.    Plaintiffs are informed and believe, and thereon allege, that at all times material herein,
16 Defendant SEQUOIA has been obligated to all of the terms and provisions of the Labor Agreement.

17       18.    Pursuant to the terms and conditions of the Labor Agreement, and at all times relevant
18 herein, SEQUOIA was bound by the Trusts and was bound by the policies and procedures established by
19 the Trustees of the Trusts.

20       19.    The Labor Agreement and the policies and procedures established by the Trustees of the
21 Trusts required SEQUOIA to contribute monthly fringe benefit contributions to the Trusts for each hour
22 worked by or paid to SEQUOIA's employees who were covered by the Labor Agreement and to report
23 the names of the employees and hours worked on a monthly basis in a manner determined by the Trusts.

24       20.    By the terms and provisions of the Labor Agreement, and related Trust Agreements, and
25 at all times material herein, Defendant SEQUOIA was obligated to the following:

26             20.1    Defendant SEQUOIA was obligated to prepare and submit true, complete
27             and accurate written monthly contribution reports to the Trusts on a timely basis showing

i) the identities of employees performing work covered by the Labor Agreement, ii) the number of hours worked by or paid to these employees, iii) the rates of pay, iv) character of hours worked (e.g., straight time, over-time, etc.), and v) based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions, benefits and/or withholdings attributable to same employees, which monthly contribution reports are due on the 10th day of each successive month; and

20.2   Defendant SEQUOIA was required to maintain adequate records or work performed by and amounts paid to its employees and subcontractors.  SEQUOIA was obligated to permit the Trusts and their agents to conduct audits of SEQUOIA's payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the Labor Agreement and related Trust Agreements; and

20.3   Defendant SEQUOIA was obligated to properly pay fringe benefit contributions to the Trusts.  Benefits and/or other withholdings were to be made on a monthly basis, and at specified rates for each hour worked by or paid to applicable employees; these amounts are due and payable at the Trusts' administrative offices.

21.   The Plaintiffs engaged Don Allen to audit the payroll and related records of SEQUOIA. The audit was conducted; and in October 2015, the audit results were presented to SEQUOIA.

22.   The audit revealed SEQUOIA failed to pay fringe benefit contributions to the Trusts. The amounts determined by audit are as follows:

| | |
|---|---|
| Contributions | $3,636.31 |
| Interest | $43.99 |
| Liquidated Damages | $363.64 |
| Audit Fees | <u>$125.00</u> |
| **Total Amount Due** | **$4,168.94** |

23.   SEQUOIA owed damages for unpaid contributions as a result of its violation of Article I, Section B(8) of the MLA.

24. On October 27, 2015, Plaintiffs' counsel sent a demand letter to SEQUOIA requesting payment of amounts due and owing resulting from the audit.

25. To date, SEQUOIA has not made any payment of the amounts shown in the audit results, necessitating this action.

26. Pursuant to 29 U.S.C. § 1132(g)(2), SEQUOIA owes the interest to the Trusts, at the contractual rate established within the MLA, on all unpaid contributions from the dates the sums were originally due to the Trusts to the date of judgment.  Upon entry of judgment, the Trusts are entitled to post-judgment interest at the highest rate allowed by law.  The amount of said interest will be established by proof at trial.

27. Under the MLA and 29 U.S.C. § 1132(g)(2), SEQUOIA is contractually delinquent by failing to pay contributions and other contract damages when due.  Pursuant to the Trust Agreements, if any employer is delinquent in the payment of contributions, such employer shall be liable, in addition to the unpaid contributions, for liquidated damages.

28. Under the MLA and Trust Agreements, SEQUOIA also agreed that in the event of delinquency, it would pay all court costs and/or audit costs incurred in connection therewith, whether before or after litigation is commenced.

29. It has been necessary for the Trusts to engage Laquer, Urban, Clifford & Hodge LLP to enforce the contractual obligations owed to the Trusts and collect any and all amounts due. Pursuant to the MLA, Trust Agreements and 29 U.S.C. § 1132(g)(2), the Trusts are entitled to recover their reasonable attorney's fees.

/ / /

/ / /

/ / /

PRAYER FOR RELIEF

WHEREFORE, the Trusts pray for Judgment against Defendant, SEQUOIA ELECTRIC, LLC, as follows:

1. For unpaid fringe benefit contributions;
2. For damages for breach of contract;
3. For liquidated damages;
4. For accrued interest on all unpaid contributions and damages from their due dates until paid;
5. For the Trusts' audit costs;
6. For the Trusts' reasonable attorney's fees;
7. For the Trusts' costs of suit incurred herein;
8. For such additional relief as may be provided for by 29 U.S.C. § 1132(g)(2); and
9. For such additional relief as this Court may deem just and proper.

Dated this 24th day of November, 2015.

**LAQUER, URBAN, CLIFFORD, & HODGE LLP**

　　　/s/ Nathan R. Ring　　　
Michael A. Urban, NV State Bar No. 3875
Nathan R. Ring, NV State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, NV 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
Electronic Mail: murban@luch.com
　　　　　　nring@luch.com
*Counsel for Plaintiffs*